SUMMARY ORDER
Durim Grabova, a native and resident of Albania, appeals from the BIA’s order affirming Immigration Judge (“IJ”) Sandy Horn’s order denying his application for asylum, withholding of removal and Convention Against Torture (“CAT”) relief. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
*202 This Court reviews the IJ’s decision where, as here, the BIA summarily affirms the IJ’s decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ’s factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004).
The IJ found Grabova’s testimony “credible and consistent.” The IJ determined, however, that Grabova was unable to demonstrate that the threats against him in October 2002 were perpetrated by government actors. The IJ noted that, “the threats, according to respondent, were anonymous. He surmised that they were members of the secret police given that they had a government car at their disposal, but nothing more.” The IJ’s finding is not supported by substantial evidence. Grabova’s credible testimony that three men, although masked, were seen getting out of a government vehicle—combined with his testimony that the men identified themselves as secret police—supports his assertion that they were government actors. The IJ’s determination that Grabova “surmised” that they were government actors from “nothing more” than a government car, therefore, was not supported by the record, and requires remand.
In reconsidering the case, the agency should also note that the threats Grabova received before his first trip to the United States may contribute to his well-founded fear of persecution, as a series of threats, over time, may finally lead to someone to seek asylum regardless of a previous decision to return. See Pavlova v. INS, 441 F.3d 82, 89 n. 5 (2d Cir.2006) (“In light of strong attachments to their home countries, refugees may venture abroad in a state of uncertainty about the permanence of their departure, hoping the persecution will abate so that they can return home.”).
A petitioner must “raise issues to the BIA in order to preserve them for judicial review.” Gill v. INS, 420 F.3d 82, 86 (2d. Cir.2005) (citing Foster v. INS, 376 F.3d 75, 77-78 (2d Cir.2004)); 8 U.S.C. § 1252(d)(1). Grabova’s failure to raise his CAT claim before the BIA deprives this court of jurisdiction to hear the claim.
For the foregoing reasons, the petition for review is GRANTED, the BIA’s order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).